# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEGRDITCHIAN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-01734-H-DEB<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2.] |

On September 19, 2023, Plaintiff filed a complaint against Kilolo Kijakazi, the Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying Plaintiff's application for Social Security Disability Insurance and Supplemental Security Income. (Doc. No. 1.) That same day, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. No. 2.) For the reasons below, the Court denies Plaintiff's motion to proceed IFP.

**I.    LEGAL STANDARD**

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether the applicant has properly shown an inability to pay the filing fee under 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, each applicant seeking to proceed IFP must provide the Court a

signed affidavit including a statement of all of the applicant's assets. S.D. Cal. Civ. L.R. 3.2(a). Second, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must evaluate whether the complaint sufficiently states a claim upon which relief may be granted before the complaint is served. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II.     DISCUSSION

### A.     Motion to Proceed IFP

It is well settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To meet the requirements of 28 U.S.C. § 1915(a), an affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." Escobedo, 787 F.3d at 1235.

Consequently, courts must evaluate IFP requests on a case-by-case basis. See id. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); see also Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), rev'd on other grounds, 506 U.S. 194 (1993); Venable v. Meyers, 500 F.2d 1215, 1216 (9th Cir. 1974). An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty," United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (citing Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960)), so that the Court does not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984); see also Alvarez v. Berryhill, No. 18-cv-02133-W-BGS, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other

expenses").

Here, Plaintiff's motion to proceed IFP contains a sworn statement consisting of his income and assets. (Doc. No. 2.) According to his sworn statement, Plaintiff is currently unemployed. (Id. at 2.) Plaintiff receives approximately $1,952.00 per month in social security benefits and $20.00 per month in other income. (Id. at 2, 5.) Plaintiff's assets include $6,145.00 in checking and savings accounts, and a 1999 Chevrolet vehicle. (Id. at 2–3.) Plaintiff states that his monthly expenses amount to approximately $1,584.00. (Id. at 4–5.) Upon review of Plaintiff's motion and sworn statement, Plaintiff has failed to show that he has an insufficient combination of income and assets to pay the filing fees associated with commencing this action. Accordingly, the Court denies Plaintiff's motion to proceed IFP. The Court will now review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

**B.   Screening Under 28 U.S.C. § 1915(e)**

A complaint filed pursuant to 28 U.S.C. § 1915(a), is subject to a mandatory screening by the Court. Lopez, 203 F.3d at 1127. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Social security appeals are not exempt from this § 1915(e) screening requirement. Hoagland v. Astrue, No. 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); Lopez, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint in a social security appeal is "not exempt from the general rules of civil pleading." Hoagland, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

See, e.g., Montoya v. Colvin, No. 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); Graves v. Colvin, No. 15-cv-00106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." Hoagland, 2012 WL 2521753, at *3. Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is insufficient to satisfy a plaintiff's pleading requirement. See, e.g., Cribbet v. Comm'r of Social Security, No. 12-cv-01142-BAM, 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); Graves, 2015 WL 357121, at *2. Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Hoagland, 2012 WL 2521753, at *2. The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that he is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)." Graves, 2015 WL 357121, at *2.

Here, Plaintiff alleges that the conclusions and findings of fact of the ALJ are not supported by substantial evidence and are contrary to law and regulation. (Doc. No. 1 ¶ 7.)

Specifically, Plaintiff alleges that while the administrative law judge ("ALJ") found that Plaintiff had limitations in his ability to maintain regular attendance in the workplace and perform work activities on a consistent basis, the ALJ did not translate that finding to the residual functional capacity assessment. (Id.) Further, Plaintiff alleges that the ALJ found that Plaintiff's testimony was "partially consistent," yet the ALJ failed to explain which parts of Plaintiff's testimony was rejected. (Id.) Accordingly, Plaintiff has included sufficient details in his complaint to satisfy the requirements of § 1915(e)(2)(B).

### III.  CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to proceed IFP. Plaintiff must pay the filing fees in full within thirty (30) days of the date of this order or this case will be dismissed.

**IT IS SO ORDERED.**

DATED:  November 1, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT